UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


STEPHEN P. COOK

CIVIL ACTION

VERSUS

NUMBER 12-258-SCR

LIVINGSTON PARISH DEPUTY
DENNY PERKINS, ET AL


### RULING ON MOTION FOR SUMMARY JUDGMENT

Before the court is a Motion for Summary Judgment on Behalf of Former Sheriff Willie Graves and Sheriff Jason Ard, the former and current sheriff, respectively, of Livingston Parish.[1]  Record document number 17.  The motion is opposed.[2]

Plaintiff Stephen P. Cook filed this action in state court against defendants Livingston Parish Willie Graves and Dy. Sheriff Denny Perkins.  Defendants removed the case to this court based on federal question jurisdiction for claims made under 42 U.S.C.§ 1983.

In his state court Petition for Damages,[3] the plaintiff brought several claims under based on a search and arrest that

---

[1] Although Ard was not named in the plaintiff's petition, he became sheriff in July 2012.  Therefore, under Rule 25(d), Fed.R.Civ.P., Ard was substituted for Graves as to claims alleged against Graves in his official capacity as sheriff.

[2] Record document number 22.  The court treated the plaintiff's Motion to Strike as his opposition to the defendants' summary judgment motion.  Record document number 24.

[3] Record document number 1-2.

occurred in April 2011. Plaintiff alleged that he was detained, searched and arrested without probable cause, and that during the course of these allegedly wrongful acts, defendant Perkins used excessive force against him that resulted in severe bodily injury. Plaintiff alleged further that defendant Perkins and other deputies involved in the events were acting within the course and scope of their employment with the Livingston Parish Sheriff's Office. Therefore, plaintiff asserted, the Sheriff in his official capacity was vicariously liable for their actions, as well as liable for his failure to properly supervise and train his deputies with regard to proper way to make arrests.

Defendants Graves and Ard now move for summary as to all federal and state law claims against them, in both their official and personal capacities. With regard to the claims under § 1983, the defendants argued for dismissal on the following grounds: (1) no liability can be imposed based on allegations that the Sheriff is vicariously liable for the wrongful actions of his deputies; (2) no facts or evidence in the record show that the Sheriff was present at the scene or personally involved in the events underlying the plaintiff's claims for false arrest and excessive force; and, (3) no facts or evidence show that the Sheriff failed to train or supervise the deputies, or was responsible for promulgating and/or implementing an unconstitutional policy or custom that was the moving force behind the alleged constitutional

violations.  With regard to the state law tort claims under Louisiana Civil Code Article 2315, the defendants argued that: (1) any claims of vicarious liability fail because there is no evidence to support the claims against defendant Dy. Perkins; (2) like the claims alleged under § 1983, there are no factual allegations or evidence that the Sheriff was personally involved, failed to train/supervise the deputies, or established/implemented some policy that resulted in injury and damages to the plaintiff; and, (3) under state law, specifically LSA-R.S. § 9:2798.1, the Sheriff has immunity from liability based on allegations of negligent training/supervision of Dy. Perkins.

In support of their motion, defendants Graves and Ard submitted a statement of undisputed material facts,[4] the affidavit of Dy. Perkins,[5] with attached copies of the search warrant, affidavit and search warrant return for the residence where the plaintiff was detained and questioned, and the affidavit of probable cause for the arrest of the plaintiff.[6]  Excerpts from the deposition of Dy. Perkins and the plaintiff were also submitted.[7]

Review of the record in light of the applicable law and the

---

[4] Record document number 17-1.

[5] Record document number 17-4, Exhibit A.

[6] Record document numbers 17-5, 17-6, 17-7, Exhibits A-1, A-2, and A-3.

[7] Record document numbers 17-8 and 17-9, Exhibits B and C.

analysis set forth below demonstrates that, as to the claims alleged against them, defendants former Sheriff Graves and Sheriff Ard are entitled to summary judgment as a matter of law on all claims against them except the plaintiff's state law vicarious liability claim against Sheriff Ard.

**Applicable Law**

Summary judgment is only proper when the moving party, in a properly supported motion, demonstrates that there is no genuine issue of material fact and that the party is entitled to judgment as a matter of law.  Rule 56©, Fed.R.Civ.P.; *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247, 106 S.Ct. 2505, 2510 (1986).  If the moving party carries its burden under Rule 56©, the opposing party must direct the court's attention to specific evidence in the record which demonstrates that it can satisfy a reasonable jury that it is entitled to verdict in its favor. *Anderson*, 477 U.S. at 252, 106 S.Ct. at 2512.  This burden is not satisfied by some metaphysical doubt as to the material facts, conclusory allegations, unsubstantiated assertions or only a scintilla of evidence. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).  In resolving the motion the court must review all the evidence and the record taken as a whole in the light most favorable to the party opposing the motion, and draw all reasonable inferences in that party's favor. *Anderson*, 477 U.S. at 255, 106 S.Ct. at 2513.  The court may not make credibility findings, weigh

the evidence or resolve factual disputes. *Id.*; *International Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991), *cert. denied*, 502 U.S. 1059, 112 S. Ct. 936 (1992).

The substantive law dictates which facts are material. *Littlefield v. Forney Independent School Dist.*, 268 F.3d 275, 282 (5th Cir. 2001). In this case the applicable law is that governing supervisory liability under § 1983, qualified immunity, Fourth Amendment claims for excessive force, false arrest and imprisonment, and state law claims of battery, false arrest/imprisonment and malicious prosecution.

A supervisory official such as a sheriff may not be held liable under § 1983 based on a theory of vicarious liability for the acts or omissions of his deputies. *Thompkins v. Belt*, 828 F.2d 298 (5th Cir. 1987). To establish the liability of a supervisor under § 1983, the plaintiff must prove either that the supervisor was personally involved in the acts causing the constitutional deprivation, or that there is a sufficient causal connection between the supervisor's conduct and the constitutional deprivation. *Lozano v. Smith*, 718 F.2d 757 (5th Cir. 1983).

If a party alleges a supervisor is liable for a failure to train or supervise subordinates, the supervisor may be held liable if the supervisor failed to supervise or train, a causal connection exists between the failure to supervise or train and the violation of the plaintiff's rights, and the failure to supervise or train

amounted to deliberate indifference to the plaintiff's constitutional rights. *Roberts v. City of Shreveport*, 397 F.3d 287, 292 (5th Cir. 2005); *Thompson v. Upshur Cnty., TX,* 245 F.3d 447, 459 (5th Cir. 2001). A claim for failure to train or supervise still requires overt personal participation, in that the supervisor must have overtly failed to train or supervise the subordinate, even if it was the subordinate who directly acted to inflict the constitutional deprivation. *Mesa v. Prejean*, 543 F.3d 264, 274 (5th Cir. 2008).

Supervisory liability may exist without overt personal participation in the offensive act if supervisory officials implement a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation. *Cozzo v. Tangipahoa Parish Council*, 279 F.3d 273, 289 (5th Cir. 2002). The existence of a constitutionally deficient policy cannot ordinarily be inferred from a single wrongful act. *Thompson, supra; Piotrowski v. City of Houston*, 237 F.3d 567, 581 (5th Cir. 2001).

Under Louisiana law, "[m]asters and employers are answerable for the damage occasioned by their servants ..., in the exercise of the functions in which they are employed." Louisiana Civil Code Article 2320. It is well established that under Louisiana law this article imposes liability on a sheriff as the employer of his deputy, in his official capacity, but not his personal capacity,

for the deputy's torts committed in the course and scope of employment. *See*, *Jenkins v. Jefferson Parish Sheriff's Office*, 402 So.2d 669, 669 (La.1981); *Burge v. Parish of St. Tammany*, 187 F.3d 452, 470 (5th Cir.1999); *Hall v. St. Helena Parish Sheriff's Dept.*, 668 F.Supp. 535, 540 (M.D. La. 1987), *aff'd,* 862 F.2d 872 (5th 1988).

## Analysis

Defendants Dy. Perkins, former Sheriff Graves and Sheriff Ard filed a Motion to Strike some of the exhibits the plaintiff submitted to oppose their motions for summary judgment.[8] In order to decide the defendants' summary judgment motion, it is unnecessary to resolve the Motion to Strike filed by the defendants. For the purpose of ruling of this motion all of the plaintiff's evidence was considered. Considering all the evidence, there is no genuine dispute for trial as to the claims alleged against defendants former Sheriff Graves and Sheriff Ard.

As a matter of law the plaintiff cannot establish liability under § 1983 against the defendants on the theory that they are vicariously liable for the unconstitutional actions of defendant Dy. Perkins. *See*, *Lozano*, *supra*. Plaintiff did not provide any evidence that either defendant was directly or personally involved

---

[8] Record document number 27.  Defendants moved to strike Exhibits A-1, A-2, A-3, B-2 and C-1, on grounds that the exhibits are not proper summary judgment evidence because the documents are either uncertified/unauthenticated and/or contain inadmissible hearsay.

in the incidents giving rise to his claims for false arrest and excessive force.[9] Nor did the plaintiff submit any evidence of actions taken by the defendants which show they failed to supervise and/or properly train the deputies, and that this resulted in the deprivation of the plaintiff's rights. The record is also devoid of any evidence to support a claim that these defendants implemented some official policy which caused the violation of the plaintiff's constitutional right to be free from false arrest and excessive force.

Plaintiff appeared to argue in his Rule 56.2 Statement of Material Facts as to Which Movant Contends There is a Genuine Issue to Be Tried[10] that information contained in Plaintiff Exhibits A-1 and A-2 support his claim that these defendants failed to properly supervise and/or train deputies, or were responsible for an unconstitutional policy. Even considering this evidence, it does not prevent summary judgment. Assuming defendant former Sheriff Graves and Sheriff Ard had knowledge of the information contained

---

[9] Defendants' stated in their Rule 56.1 Statement of Material Facts that Graves was the Sheriff at the time of the incident and that he was not present or personally involved in the plaintiff's arrest. Record document number 17-1. Neither the plaintiff's Rule 56.2 Statement of Material Facts, record document number 22-2, pages 1 and 2, nor any other exhibits contain information to dispute these facts.

[10] Record document number 22-2, page 2, ¶ 5.

in the Workforce Med Center, LLC report,[11] the fact that in 2002 Perkins was hired as a deputy and given a positive reference by Sheriff Ard is insufficient to create a genuine dispute for trial. Under the applicable law, this one instance is not enough evidence to support a reasonable inference that the either defendant failed to train and supervise his deputies, or implemented a policy that caused the violation of the plaintiff's constitutional rights during his arrest by defendant Dy. Perkins in 2011. Moreover, the information in the report in no way can reasonably be taken as any indicator that Dy. Perkins was a risk to make false arrests or use excessive force during a arrest.

The lack of any evidence in the record to support the § 1983 claims alleged against former Sheriff Graves and Sheriff Ard, also means that the state law claims based on the same allegations are not supported by any evidence and must be dismissed. However, this finding does not apply to the plaintiff's claim that defendant Sheriff Ard is vicariously liable under state law in his official capacity for any state law claims of battery, false arrest/imprisonment or malicious prosecution brought against defendant Dt. Perkins. *See*, *Jenkins*, *supra*; *Burge*, *supra*. This

---

[11] Although the plaintiff did not cite the specific part of the April 15, 2002 document he was relying on, presumably the plaintiff is referring to the statement that Perkins "is a High Risk," and admitted to some instances of stealing that occurred more than three years before the date of the report. Record document number 22-4, Exhibit A-1.

claim against defendant Sheriff Ard cannot be resolved until the court rules on the Motion to Strike and the Motion for Summary Judgment filed by defendant Dy. Perkins.

Therefore, with the exception of the state law vicarious liability claim against defendant Sheriff Ard, summary judgment is granted as to all § 1983 federal claims and state law claims alleged against defendants former Sheriff Graves and Sheriff Ard.

Accordingly, the Motion for Summary Judgment on Behalf of Former Sheriff Willie Graves and Sheriff Jason Ard is granted in part, dismissing the plaintiff's claims brought under 42 U.S.C. §1983 and all state law claims against defendant Sheriff Ard, except for the state law vicarious liability claim.  As to this state law claim the motion is denied.

Baton Rouge, Louisiana, September 24, 2013.

*Stephen C. Riedlinger*
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE