UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

STEPHEN P. COOK

VERSUS

LIVINGSTON PARISH DEPUTY
DENNY PERKINS, ET AL

CIVIL ACTION

NUMBER 12-258-SCR

### RULING ON MOTION TO STRIKE EXHIBITS FROM PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT

Before the court is the Motion to Strike Exhibits From Plaintiff's Opposition to Defendants' Motions for Summary Judgment. Record document number 27. Plaintiff filed an opposition.[1]

Defendants moved to strike the following exhibits submitted by the plaintiff with his opposition to their summary judgment motions: A-1, A-2, A-3, B-2 and C-1. Defendants generally argued that this evidence is inadmissible on various grounds, and cannot be considered in deciding the summary judgment motions.

Each exhibit is addressed below, and the motion is resolved as follows.

**Exhibit A-1 and A-2, and Exhibit C-1**

Plaintiff Exhibit A-1 is an April 15, 2002 letter from the Workforce Med Center, LLC related to defendant Dy. Perkins' polygraph and drug testing. Plaintiff Exhibit A-2 is another document related to Perkins, entitled "Character References" with

---

[1] Record document number 57.

the date of March 27, 2002 at the bottom. Defendants moved to strike these exhibits because they are not authenticated. Defendants pointed out that the plaintiff has neither provided an affidavit, nor identified a witness in his pretrial order or during discovery who has knowledge of the documents and can testify that they are what they purport to be.

Plaintiff Exhibit C-1 is a group of the plaintiff's medical records from LSU Earl K. Long Medical Center ("EKL"). Defendants moved to exclude them from consideration because they are not certified or authenticated. Defendants argued the plaintiff has not provided anything to authenticate these records.

Plaintiff opposed the defendants' effort to exclude these exhibits. Plaintiff argued that the exhibits are self-authenticating under Federal Rules of Evidence, Rule 902(2)(A) and (B) and 902(4)(A) and (B). Plaintiff also argued that Exhibits A-1 and A-2 came from defendant Dy. Perkins' official personnel folder and were obtained through discovery, and that the Livingston Parish Sheriff's Office is the custodian of these public records under Louisiana public records law LSA-R.S. 44:1. Plaintiff made similar arguments with regard to Exhibit C-1. He argued that his medical records, which are from a hospital operated by the state, are self-authenticating. Plaintiff stated that he signed a consent for the defendants to obtain his medical records from the hospital, and it is untenable to believe that counsel for the defendants did not

subsequently obtain his medical records from EKL.  Also, the plaintiff stated in his affidavit that "all of the attachment and Exhibits [are] true and correct copies of the originals ascertained through Discovery."[2]

Under Federal Rule of Evidence 901(a), in order to authenticate or identify an item of evidence the party offering the evidence must produce evidence sufficient to support a finding that the item is what the party claims it is.  It is within the court's discretion to exclude evidence that has not been properly authenticated.  Rule 901(a) requires sufficient evidence to support a finding, and does not require conclusive proof of authenticity. *McConathy v. Dr. Pepper/Seven Up Corp.*, 131 F.3d 558, 562 (5th Cir. 1998); *Cramer v. NEC Corp. of America*, 496 Fed.Appx. 461 (5th Cir. 2012).

Plaintiff has not established that the evidence is self-authenticating under Rule 902.  Plaintiff has provided sufficient information and evidence that Exhibits A-1 and A-2 are authentic.  Plaintiff stated that Exhibits A-1 and A-2 came from defendant Dy. Perkins' personnel folder and were obtained through discovery.  It is reasonable to conclude that the defendants would have produced these documents to the plaintiff in response to a discovery request. There is no suggestion from the defendants that the plaintiff acquired these documents in some other manner.

---

[2] Record document number 22-4, Affidavit of Stephen P. Cook.

3

Defendant's motion to strike Exhibits A-1 and A-2 is denied.

As to Exhibit C-1, the plaintiff asserted that he signed a consent for the defendants to obtain his medical records. It is not clear from the plaintiff's opposition memorandum whether the medical records which comprise Exhibit C-1 are copies of medical records produced to the plaintiff after they were obtained from EKL by the defendants. Nevertheless, the defendants do not dispute that the exhibit consists of accurate copies of these medical records. Defendants' argument that the plaintiff cannot submit these medical records in an admissible form at trial is unpersuasive. There is no reason why the plaintiff cannot obtain certified copies of these medical records from ELK. Therefore, the defendants' motion to strike Exhibit C-1 is denied.

**Exhibit A-3**

Plaintiff Exhibit A-3 consists of numerous documents from the plaintiff's state criminal court proceedings, namely court minute entries, motions and briefs filed in the criminal case. Defendants argued that the motions and briefs included in the exhibit are filled with hearsay, that is, factual allegations and arguments that are inadmissible hearsay and do not meet any of the hearsay exceptions. Therefore, defendants argued, the plaintiff cannot rely on this hearsay evidence to support his claims.[3]

---

[3] Defendants' arguments focused only on the motions and briefs included in Exhibit A-3. Therefore, the motion is not interpreted
(continued...)

4

A review of the state court pleadings submitted by the plaintiff shows that several of the motions were accompanied by sworn affidavits in which the plaintiff attested to the truth and correctness of the allegations contained in them.[4] Although the motions in large part merely contain legal arguments and questions, the Motion to Suppress Evidence contains the plaintiff's version of what took place when he was arrested and defendant Dy. Perkins took him into the bedroom of the residence being searched. Plaintiff had personal knowledge of that event and signed an affidavit swearing to the truth and correctness of the facts stated therein. Therefore, they can be considered in connection with the summary judgment motions. To this extent the defendants' motion to strike Exhibit A-3 is denied.

**Exhibit B-2**

Plaintiff Exhibit B-2 is an article that appears to be printed from a website and the source indicated on the document is the Orange County Register.[5] Defendants argued that this type of

---

[3](...continued)
as an attempt to strike the state court minute entries included in Exhibit A-3.

[4] The pleadings with sworn affidavits attached are: (1) Motion for Bill of Particulars (record document number 22-4, pp. 29-32; (2) Motion in Arrest of Judge (record document number 22-4, pp. 23-25; (3) Motion to Suppress Evidence (record document number 22-4, pp. 10-16.

[5] The title is "ON FREEDOM'S 'THIN BLUE LINE'" and the publication date is September 19, 1999. Record document number 22-
(continued...)

article is classic inadmissible hearsay, it contains hearsay statements, and no hearsay exceptions are applicable.

Newspaper articles are not proper summary judgment evidence to prove the truth of the facts that they report because they are inadmissible hearsay. *James v. Texas Collin County*, 535 F.3d 365, 374 (5th Cir. 2008). Therefore, the defendants' motion to strike this exhibit is granted.[6]

### Conclusion

Accordingly, the defendants' Motion to Strike Exhibits From Plaintiff's Opposition to Defendants' Motions for Summary Judgment is granted in part. The motion is granted as to Exhibit B-2. The motion is denied as to Exhibits A-1, A-2, and C-1. The motion is also denied as to Exhibit A-3, to the extent the state court pleadings submitted contain facts that are not hearsay.

Baton Rouge, Louisiana, October 9, 2013.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

---

[5](...continued)
4, p. 40.

[6] It appears from the plaintiff's memorandum that the plaintiff now does not oppose the exclusion of this exhibit. Record document number 57, pp. 6-7.