UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


STEPHEN P. COOK

                                    CIVIL ACTION

VERSUS

                                    NUMBER 12-258-SCR

LIVINGSTON PARISH DEPUTY
DENNY PERKINS, ET AL


**<u>RULING ON MOTION FOR SUMMARY JUDGMENT</u>**

Before the court is a Motion for Summary Judgment filed by defendant Dy. Denny Perkins.  Record document number 18.  The motion is opposed.[1]

Plaintiff Stephen P. Cook filed this action in state court against the former Livingston Parish sheriff, Willie Graves, current Sheriff Jason Ard, and Livingston Parish Dy. Denny Perkins. Defendants removed the case to this court based on federal question jurisdiction given the plaintiff's claims alleged under 42 U.S.C.§ 1983.

In his state court Petition for Damages,[2] the plaintiff brought several claims under § 1983 and state tort law based on a search and arrest that occurred in April 2011.  Plaintiff alleged that he was arrested without probable cause, and during the course of the event, the defendant Dy. Perkins (hereafter, "defendant")

---

[1] Record document number 22.  The court treated the plaintiff's Motion to Strike as his opposition to the summary judgment motion.  Record document number 24.

[2] Record document number 1-2.

used excessive force against him that resulted in severe bodily injury. Plaintiff alleged further that the defendant and the other deputies involved in the event were acting within the course and scope of their employment with the Livingston Parish Sheriff's Office. Therefore, plaintiff alleged, the Sheriff in his official capacity is vicariously liable for their actions.

Defendant moved for summary judgment as to all claims alleged in the plaintiff's Petition for Damages. In the context of his qualified immunity defense under § 1983, the defendant argued that the plaintiff has no evidence to support the elements of his claim for the use of excessive force. Defendant argued that: (1) there is no evidence that he hit the plaintiff right after he and the other officers entered the residence to execute the search warrant;[3] (2) there is no evidence that later in the bedroom of the apartment, he punched and slapped the plaintiff from the rear and rendered the plaintiff unconscious; and, (3) even if there is evidence that force was used against the plaintiff, the plaintiff has no evidence that the force used was excessive, that it resulted in any injury, or that it was objectively unreasonable under the circumstances.

Defendant also argued that the plaintiff has no evidence to

---

[3] The search warrant the officers were executing was dated April 6, 2011 and authorized the search of the residence of Dustin Blocker and Kelli Martrain, 8275 Vincent Road, Denham Springs, Louisiana. Record document number 18-5, Exhibit A-1.

2

support the § 1983 claim for false arrest/imprisonment because he has no evidence to show that probable cause for his arrest was lacking or arguably lacking. Defendant argued that the absence of evidence to support these federal claims also demonstrates that summary judgment is appropriate as to the plaintiff's state law intentional tort claims for battery, false arrest/imprisonment and malicious prosecution.[4]

Finally, the defendant argued that the plaintiff has no evidence to support the claim that he lost income as a result of the wrongful acts he alleged. Therefore, any claim for this type of damages should be dismissed.

In support of his motion, the defendant submitted a statement of undisputed material facts,[5] and excerpts from his own deposition and the depositions of the plaintiff, Steven Lovett and Kelli Blocker.[6] Defendant also relied on the same affidavit and attachments which supported the motion for summary filed by

---

[4] Plaintiff did not specifically allege what state law claims he was pursuing under Louisiana Civil Code Article 2315. For the purposes of this motion the court assumes that the plaintiff alleged the state law intentional tort claims that parallel the federal claims he brought under § 1983.

[5] Record document number 18-1, Statement of Material Facts to Which Movants Contend There Is No Genuine Issue.

[6] Record document numbers 18-8, 18-9, 18-10, 18-12, Exhibits B, C, D and F, respectively.

3

defendants Graves and Ard.[7] Defendant's remaining exhibits are the expert report of Dr. Stanley Peters, Jr., and a copy of Defendants' Requests for Production of Documents and the plaintiff's responses to the document requests.[8]

Review of the record in light of the applicable law and analysis set forth below demonstrates that the defendant is entitled to summary judgment on the following claims: (1) for excessive force and battery under § 1983 and state law related to the alleged excessive force that occurred when the officers first entered the residence; (2) for false arrest and imprisonment under § 1983 and state law; and, (3) for malicious prosecution under state law.

However, as to the use of excessive force and battery claims under § 1983 and state law related to what allegedly occurred in the bedroom during the execution of the search warrant, there is a genuine dispute for trial.

## **Applicable Law**

Summary judgment is only proper when the moving party, in a properly supported motion, demonstrates that there is no genuine issue of material fact and that the party is entitled to judgment

---

[7] Record document numbers 18-4 through 18-7, Exhibits A and A-1 through A-3, respectively.

[8] Record document numbers 18-11, 18-13, 18-14, Exhibits E, G and H, respectively.

Case 3:12-cv-00258-SCR   Document 62   10/21/13   Page 4 of 22

as a matter of law. Rule 56, Fed.R.Civ.P.; *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247, 106 S.Ct. 2505, 2510 (1986). If the moving party carries its burden under Rule 56©, the opposing party must direct the court's attention to specific evidence in the record which demonstrates that it can satisfy a reasonable jury that it is entitled to verdict in its favor. *Anderson*, 477 U.S. at 252, 106 S.Ct. at 2512. This burden is not satisfied by some metaphysical doubt as to the material facts, conclusory allegations, unsubstantiated assertions or only a scintilla of evidence. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). In resolving the motion the court must review all the evidence and the record taken as a whole in the light most favorable to the party opposing the motion, and draw all reasonable inferences in that party's favor. *Anderson*, 477 U.S. at 255, 106 S.Ct. at 2513. The court may not make credibility findings, weigh the evidence or resolve factual disputes. *Id.; International Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991), *cert. denied*, 502 U.S. 1059, 112 S. Ct. 936 (1992).

On summary judgment, evidence may only be considered to the extent not based on hearsay or other information excludable at trial. *Fowler v. Smith*, 68 F.3d 124, 126 (5th Cir. 1995); *Martin v. John W. Stone Oil Distrib., Inc.*, 819 F.2d 547, 549 (5th Cir. 1987). As a general rule, inadmissible evidence cannot be relied upon to create an issue of material fact for the purpose of

Case 3:12-cv-00258-SCR   Document 62   10/21/13   Page 5 of 22

defeating a motion for summary judgment. *Travland v. Ector county, Texas*, 39 F.3d 319 (5th Cir. 1994). Likewise, arguments and statements in a memorandum are not competent summary evidence and cannot be considered in determining whether there is a genuine dispute for trial. *Johnston v. City of Houston*, 14 F.3d 1056, 1060 (5th Cir. 1994).

The substantive law dictates which facts are material. *Littlefield v. Forney Independent School Dist.*, 268 F.3d 275, 282 (5th Cir. 2001). In this case the applicable law is that governing qualified immunity, Fourth Amendment claims for excessive force, false arrest and imprisonment, and state law claims of battery, false arrest/imprisonment and malicious prosecution.

**Federal Claims Under § 1983:**

**Qualified Immunity**

A state official sued in his individual capacity for damages may assert a qualified immunity defense. This doctrine protects government officials from liability from civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738 (1982); *Rockwell v. Brown*, 664 F.3d 985, 990 (5th Cir. 2011).

When a defendant properly invokes qualified immunity, the plaintiff bears the burden of rebutting its applicability. To do so a plaintiff must show: (1) the official's conduct violated a constitutional or statutory right; and, (2) the official's actions

6

were objectively unreasonable in the light of clearly established law at the time of the conduct in question. *Tolan v. Cotton*, 713 F.3d 299, 304-305 (5th Cir. 2013).  For the second prong, on a motion for summary judgment stage the plaintiff must show that there is a genuine dispute of material fact for two distinct, but intertwined, elements: whether allegedly violated constitutional rights were clearly established at the time of the incident, and if so, whether the defendant's conduct was objectively unreasonable in the light of that clearly established law.  *Id*.  Even if a defendant's conduct actually violates the plaintiff's constitutional right, the defendant is still entitled to qualified immunity if the conduct was objectively reasonable.  *Zarnow v. City of Wichita Falls, Tex.*, 500 F.3d 401, 408 (5th Cir. 2007).

**Excessive Use of Force**

A claim that an officer used excessive force is analyzed under the Fourth Amendment.  Plaintiff must prove all of the following: (1) an injury; (2) that resulted directly and only from the use of force that was clearly excessive to the need; and, (3) the excessiveness of which was objectively unreasonable.  *Ikerd v. Blair*, 101 F.3d 430, 433-34 (5th Cir. 1996). The objective reasonableness of the force used depends on the facts and circumstances of the particular case.  The court should consider "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade

7

arrest by flight." *Hogan v. Cunningham*, 722 F.3d 725, 734 (5th Cir. 2013), citing, *Graham v. Connor*, 490 U.S. 386, 396, 109 S.Ct. 1865 (1989).

Although a showing of significant injury is not required to establish an excessive force claim, the plaintiff must show that he suffered at least some form of injury. The injury must be more than a de minimis injury and must be evaluated in the context in which the force was used. *Glenn v. City of Tyler*, 242 F.3d 307, 314 (5th Cir. 2001); *Lockett v. New Orleans City*, 607 F.3d 992 (5th Cir. 2010); *Williams v. Bramer*, 180 F.3d 699, 703 (5th Cir. 1999). The amount of injury necessary to satisfy the requirement of some injury and establish a constitutional violation is directly related to the amount of force that is constitutionally permissible under the circumstances. Therefore, what constitutes an injury in an excessive force claim determined by the context in which the injury arises. *Williams*, 180 F.3d at 704.

**False Arrest and Imprisonment**

A claim of false arrest and imprisonment under the Fourth Amendment requires a showing of no probable cause. Brown v. Lyford, 243 F.3d 185, 189 (5th Cir. 2001).

> The Supreme Court has defined probable cause as the facts and circumstances within the officer's knowledge that are sufficient to warrant a prudent person, or one of reasonable caution, in believing, in the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense. The facts must be known to the officer at the time of the arrest; post-hoc justifications based on facts later learned cannot support an earlier arrest. The facts must be

8

> particularized to the arrestee. We apply an objective
> standard, which means that we will find that probable
> cause existed if the officer was aware of facts
> justifying a reasonable belief that an offense was being
> committed, whether or not the officer charged the
> arrestee with that specific offense.

*Club Retro, LLC v. Hilton*, 568 F.3d 181, 204 (5th Cir. 2009).

An officer is entitled to qualified immunity if a reasonable officer in his position could have believed that, in light of the totality of the facts and circumstances of which the officer was aware, there was a fair probability that the plaintiff had committed or was committing an offense. *Haggerty v. Texas Southern University*, 391 F.3d 653, 656 (5th Cir. 2004). Thus, if an officer reasonably, but mistakenly, believes that probable cause exists he is entitled to qualified immunity. *Id.; Ramirez v. Martinez,* 716 F.3d 369, 375 (5th Cir. 2013).

If the facts supporting an arrest are placed before an independent intermediary, the intermediary's decision breaks the chain of causation for false arrest, insulating the initiating party. In these circumstances the plaintiff cannot prevail unless he can establish that the defendant knowingly provided false information or gave false information in reckless disregard of the truth, and that the deliberations of the independent intermediary were in some way tainted by the actions of the defendants. *Taylor v. Gregg*, 36 F.3d 453, 456-57 (5th Cir. 1994).

9

**State Law Claims Under Article 2315:**

**Battery**

Louisiana's excessive force / battery tort mirrors its federal constitutional counterpart. The use of reasonable force when necessary to make an arrest is a legitimate police function. But an officer's use of excessive force transforms the ordinarily protected use of force into an actionable battery, rendering the defendant officer and his employer liable for damages. Whether the force used is reasonable depends upon the totality of the facts and circumstances in each case, and factors to consider are: (1) the known character of the arrestee; (2) the risks and dangers faced by the officers; (3) the nature of the offense involved; (4) the chance of the arrestee's escape if the particular means are not employed; (5) the existence of alternative methods of arrest; (6) the physical size, strength, and weaponry of the officers compared to the arrestee; and, (7) the exigencies of the moment. *Id.,* at 172-73; *Penn v. St. Tammany Parish Sheriff's Office*, 843 So.2d 1157, 1161 (La.App. 1 Cir. 2003). Under Louisiana law if the arrest is unlawful then all force used to effectuate the arrest is excessive and constitutes a battery. *Deville*, 567 F.3d at 173, n. 9, citing, *Ross v. Sheriff of Lafourche Parish*, 479 So.2d 506, 510 (La.App. 1 Cir. 2003).

**False Arrest and Imprisonment**

Under Louisiana law false arrest and imprisonment occur when one arrests and restrains another against his will without a

10

warrant or other statutory authority. Simply stated, it is a restraint without the color of legal authority. When an arrest is made without a warrant, the plaintiff must prove the officer lacked probable cause for the arrest. *Reese v. City of Baton Rouge*, 644 So.2d 674 (La.App. 1 Cir. 1994). A facially valid arrest warrant immunizes the officers from false arrest and imprisonment claims. *Deville v. Marcantel*, 567 F.3d 156, 172 (5th Cir. 2009).

**Malicious Prosecution**

Unlike federal law, Louisiana recognizes a cause of action for malicious prosecution. *Deville*, 567 F.3d at 173,[9] citing, *Jones v. Soileau*, 448 So.2d 1268, 1271 (La.1984). The elements of the cause of action are: (1) the commencement or continuation of an original criminal or civil proceeding; (2) its legal causation by the present defendant in the original proceeding; (3) its bona fide termination in favor of the present plaintiff; (4) the absence of probable cause for such proceeding; (5) the presence of malice therein; and, (6) damage conforming to legal standards resulting to plaintiff. *Id.*

---

[9] The United States Constitution does not include a freestanding right to be free from malicious prosecution. Instead, the plaintiff must show that the official violated a specific constitutional right in connection with an alleged malicious prosecution, such as the initiation of criminal charges without probable cause in violation of the Fourth Amendment. *Deville*, 567 F.3d at 169, citing, *Castellano v. Fragozo*, 352 F.3d 939, 945 (5th Cir. 2003).

## Analysis

### § 1983 Excessive Use of Force and State Law Battery Claims

Defendant presented uncontradicted evidence[10] that the plaintiff does not know and cannot identify him or any other officer that allegedly used excessive force when the officers first entered the residence.[11] Because the plaintiff failed to come forward with any evidence that the defendant was the officer who he now asserts gave him a "severe blow to the head" on first entering to execute the search warrant, the defendant is entitled to summary judgment on the claim of excessive force insofar as it rests on this allegation.[12]

With regard to the later incident during the search that occurred in the one of the bedrooms of the residence, the defendant argued that summary judgment should also be granted. Defendant primarily relied on his own deposition testimony in which he

---

[10] Record document number 18-9, Exhibit C, depo., pp. 72, 77-78.

[11] Defendant also pointed out that the plaintiff did not allege in his Petition for Damages that the defendant, or any other specific officer, struck the plaintiff on the head at this time. Record document number 1-2, ¶ 3.

[12] Plaintiff argued in his opposition memorandum that the defendant admitted that he was the first officer through the door, and that this is also seen in the supplemental arrest report. Plaintiff did not submit the supplemental arrest report to support his argument.

As explained above, arguments and statements in a memorandum are not competent summary evidence and cannot be considered in determining whether there is a genuine dispute for trial. Therefore, the plaintiff's arguments, without any competent summary judgment evidence to support them, cannot create a factual dispute for trial.

Case 3:12-cv-00258-SCR   Document 62   10/21/13   Page 12 of 22

testified that: (1) during the search, according to common practice, the plaintiff was handcuffed and placed on the couch; (2) the plaintiff kept asking to see the search warrant and was also using inappropriate language in front of a child that was present; and, (3) after asking the plaintiff several times to stop his actions, the defendant put his hands on the back of the plaintiff's neck and back and escorted the plaintiff into the master bedroom.[13]

In his deposition testimony, the defendant stated that he brought the plaintiff into the room to tell him "he needed to quit cussing in front of that kid." According to the defendant, they were in the bedroom for a minute or less, and he did not strike the plaintiff on the head or any other part of his body, and did not put a pen to the plaintiff's throat and tell him that he needed to give him something.[14] Defendant also offered the deposition testimony of Dy. Steven Lovett, who was in the same bedroom to catalog the evidence of the search, and in close proximity when the defendant brought the plaintiff into the room. Dy. Lovett testified that the plaintiff and the defendant had a conversation, but while they were in the room he did not see the defendant hit or put his hands on the plaintiff at any time.[15]

In opposition, the plaintiff relied on other testimony from the defendant's deposition. Plaintiff came forward with evidence

---

[13] Record document number 18-8, Exhibit B, depo., pp. 24-26.

[14] *Id.* at 26.

[15] Record document number 18-10, Exhibit D, depo., pp. 10-11.

Case 3:12-cv-00258-SCR   Document 62   10/21/13   Page 13 of 22

of the defendant's admission that he was angry when he took the plaintiff into the bedroom and closed the door, because he wanted the plaintiff to "shut up," and wanted "to be able to tell him a little more stern" that he (the plaintiff) needed to shut up.[16] Furthermore, according to sworn facts given by the plaintiff in his state court pleadings, he was taken into the bedroom with his hands cuffed behind him, and was beaten by the defendant, who punched and slapped until he was nearly unconscious.[17]

On summary judgment the court cannot resolve factual disputes or decide who to believe. Viewing the above evidence as a whole in the light most favorable to the plaintiff, and drawing all reasonable inferences in his favor, as the court must do at this point, a reasonable trier of fact could find that the defendant used force against the plaintiff that was clearly excessive to the need, and that the plaintiff suffered at least some form of injury as a result. This same evidence, when viewed as required on summary judgment, could support a reasonable conclusion that the force used by the defendant was objectively unreasonable. Stated another way, a reasonable officer would have known that it was an unconstitutionally excessive use of force to take a suspect with his hands cuffed behind him into a room and punch/slap him until he was nearly unconscious, just for the purpose of getting him to stop

---

[16] Record document number 22-4, Exhibit B-3, depo., pp. 36-37.

[17] Record document number 22-4, Exhibit A-3, Motion to Suppress Evidence, p. 10.

Case 3:12-cv-00258-SCR   Document 62   10/21/13   Page 14 of 22

cursing and be quiet during the execution of a search warrant.

Relying on evidence from a medical expert, the defendant also argued that even if there is a factual dispute as to whether he struck the plaintiff, the plaintiff cannot prove a claim of excessive force because he has no evidence that the alleged use of force caused his hearing loss and/or tinnitus. This evidence, however, does not demonstrate the absence of a genuine dispute for trial on the injury element of the plaintiff's excessive force claim. The legal standard for a Fourth Amendment excessive force claim is a showing of at least some form of injury. The amount of injury required to establish a constitutional violation must be viewed in the context of the amount of force constitutionally permissible under the circumstances. Considering the plaintiff's account of what happened in the bedroom, and the evidence showing the plaintiff sought and received medical treatment soon after the incident, a reasonable trier of fact could conclude that the plaintiff suffered some form of injury as a result of the defendant's use of force to quiet him during the search of the residence.

In summary, the record demonstrates that there is a genuine dispute for trial as to the plaintiff's excessive force and battery claims under § 1983 and state law, and summary judgment must be denied as to these claims.

Since the plaintiff is not represented by counsel the court emphasizes that although a jury reasonably could find that the

defendant used excessive force and the plaintiff sustained an injury from the use of excessive force, this conclusion must not be understood to mean that the jury probably would do so, or may do so, or that the court believes that the jury should do so. The jury's decision will take into account its determination of the credibility of all the witnesses, as well as the weight it chooses to give to all of the evidence presented.

### Section 1983 Claim for False Arrest/Imprisonment and State Law Claims for False Arrest/Imprisonment and Malicious Prosecution

The critical issue on the claims for false arrest and imprisonment and for malicious prosecution is whether there was probable cause to arrest and charge the plaintiff with possession of marijuana and possession of drug paraphernalia. With regard to these claims, the plaintiff bears the burden of proving that his arrest was without probable cause and negating the defendant's qualified immunity defense. Therefore, to defeat the defendant's motion the plaintiff must come forward with sufficient evidence to create a genuine dispute for trial on the existence of probable cause.

The summary judgment record contains the following undisputed facts relevant to these claims and the central issue of the existence of probable cause.

On the evening of April 7, 2011 the defendant and other officers were executing a search warrant for a residence that had

been under surveillance for illegal drug activity.[18] Approximately ten minutes before executing the warrant the plaintiff was seen entering the residence.[19] After the officers entered the residence the plaintiff was handcuffed. The search resulted in the discovery of drugs and drug-related items in the residence where the plaintiff was present. Plaintiff's cell phone was one of the items seized, and the defendant's examination of the phone revealed text messages about the plaintiff's involvement in buying and selling marijuana and the drug Roxicodone. The time of the text messages related to Roxicodone was shortly before the plaintiff entered the residence. Based on the information from the phone, the defendant questioned the plaintiff about marijuana, and the plaintiff stated that he smoked marijuana, had some at his house, and told the defendant where it was located. Plaintiff was arrested for possession of drug paraphernalia and taken to the Livingston Parish Jail. Plaintiff's house was searched and high grade marijuana buds and rolling papers were found there. Defendant called the deputy that had taken the plaintiff to jail and informed him that he (defendant) found marijuana and told the deputy he (deputy) could also charge the plaintiff with marijuana possession. Based on this information the plaintiff was officially charged with possession of

---

[18] Record document number 18-4, Exhibit A, Defendant affidavit and Exhibit A-1, Search Warrant; record document number 18-8, Exhibit B, depo. pp. 11-12, 17.

[19] Record document number 18-8, Exhibit B, depo. pp. 17-18.

Case 3:12-cv-00258-SCR   Document 62   10/21/13   Page 17 of 22

marijuana and drug paraphernalia,[20] and a state district court judge on April 8, 2011 determined that there was probable cause to continue to hold the plaintiff on these two charges.[21]

In his opposition memorandum the plaintiff's primary argument seems to be that the search warrant being executed by the defendant and the other officers was invalid, because under state law the court that issued it did not have the authority and lacked jurisdiction to issue a felony search warrant. Therefore, plaintiff argued, this court should not consider the search warrant or any document that makes reference to it. Plaintiff also seems to argue that his admission about possession of marijuana and the consent to search his parents' residence were not valid.[22]

Neither of these arguments, nor any of the plaintiff's competent summary judgment evidence, contradict the relevant facts recounted above - the facts of which the defendant and the officers were aware at the time they arrested and later charged the

---

[20] LSA-R.S. 40:966; LSA-R.S. 40:1023.

[21] Record document number 18-7, Exhibit A, Perkins affidavit and Exhibits A-2, A-3; record document number 18-8, Exhibit B, Perkins depo., pp. 27-30; record document number 18-9, Exhibit C, Plaintiff depo., p. 72. See also record document number 18-1, defendant's statement of uncontested material facts, numbers 1-3 and 7-11.

[22] Plaintiff may have made these arguments in his efforts to suppress evidence obtained against him in his criminal case. However, they are not relevant to the elements of his federal and state law claims for false arrest and imprisonment and malicious prosecution.

Case 3:12-cv-00258-SCR   Document 62   10/21/13   Page 18 of 22

plaintiff.[23]  Viewing these undisputed facts in the light most favorable to the plaintiff, and considering the totality of the circumstances within the defendant's knowledge, no reasonable trier of fact could conclude that the defendant was not justified in believing that the plaintiff had committed, was committing or about to commit the offenses for which he was arrested and charged.[24]

Furthermore, after the plaintiff was in custody and taken to the jail, a determination of probable cause for the arrest and charges brought against the plaintiff was made by a state district court judge.  Under the applicable law, this determination of probable cause by an independent intermediary breaks the chain of causation and insulates the initiating party.  Where the determination by an independent intermediary is involved, the plaintiff must establish that the officer knowingly presented to the intermediary false information or gave false information in

---

[23] Record document numbers 22-4, pp. 4 and 6, plaintiff's Exhibits A-1 and A-2, are two of the defendant's 2002 pre-employment documents - one from Workforce Med Center, LLC and the other entitled "Character References. " Neither contradict the facts known to the defendant at the time of the arrest, nor do they otherwise create a genuine dispute for trial.

The fact that in 2002 Sheriff Ard gave the defendant a positive reference, and that the letter from Workforce included a statement that the defendant is a "High Risk," are neither relevant nor sufficient to support a reasonable inference that when he arrested the plaintiff in 2011, the defendant was not justified in having a reasonable belief that the plaintiff had committed an offense.

[24] Plaintiff's evidence which shows that in 2012 the charges against him were dismissed could establish an element of the plaintiff's malicious prosecution claim.  Record document number 22-4, Exhibit A-3, pp. 18, 20.  But it is not evidence that creates a genuine dispute for trial on the issue of probable cause.

19

reckless disregard of the truth. There is no summary judgment evidence indicating that the defendant knowingly presented any false information to the state court judge that tainted the judge's determination of probable cause.

In summary, to establish his claims against the defendant for false arrest and imprisonment under § 1983 and state law, and malicious prosecution under state law, the plaintiff must prove that there was no probable cause - it is an essential element of each of these federal and state law claims. Plaintiff has not identified any competent summary judgment evidence to support his claim that there was no probable cause for his arrest and the charges brought against him for possession of marijuana and drug paraphernalia. Therefore, the undisputed facts demonstrate that the defendant is entitled to summary judgment as to the plaintiff's § 1983 false arrest and imprisonment claim, and the plaintiff's state law claims for false arrest and imprisonment and malicious prosecution.

### Claim for Loss of Income and Loss of Future Income

Defendant argued that plaintiff's claim for damages for loss income and/or loss of future income should be dismissed. Defendant pointed out that despite numerous discovery requests the plaintiff never provided any evidence showing that he had lost income as a result of the incident.

Plaintiff responded in his memorandum that he has in fact lost

20

income as a result of the defendant' use of excessive force.[25]
However, the plaintiff did not come forward with any competent
summary judgment evidence to support his claim for this type of
damages.  Plaintiff's failure to do so requires that summary
judgment be granted dismissing any claim that he alleged for loss
of income or loss of future income.[26]

**Conclusion**

Accordingly, the Motion for Summary Judgment filed by
defendant Denny Perkins is granted in part and denied in part.

The Motion for Summary Judgment is granted, dismissing the
following claims under § 1983: (1) plaintiff's claim under § 1983
related to the alleged excessive use of force that occurred when
the defendant first entered the residence; and, (2) plaintiff's
claim under § 1983 for false arrest and imprisonment.

The Motion for Summary Judgment is granted, dismissing the
following state law tort claims: (1) plaintiff's claim under state
law for battery related to the alleged excessive use of force that
occurred when the defendant first entered the residence; (2)
plaintiff's claim under state law for false arrest and
imprisonment; and, (3) plaintiff's claim under state law for
malicious prosecution.

The Motion for Summary judgment is granted, dismissing the

---

[25] Record document number 22-1, opposition memorandum, p. 26.

[26] Record document number 1-2, Petition for Damages, ¶ 8.6.

plaintiff's claim for damages for loss of income and loss of future income.

The Motion for Summary Judgment is denied as to the plaintiff's § 1983 claim for excessive use of force and state law claim of battery, based on the events that occurred in the bedroom of the residence being searched. As to the state law claim of battery, defendant Sheriff Jason Ard remains a defendant in his official capacity.

Baton Rouge, Louisiana, October 21, 2013.

*Stephen C. Riedlinger*

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE