UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

STEPHEN P. COOK

CIVIL ACTION

VERSUS

NUMBER 12-258-SCR

LIVINGSTON PARISH DEPUTY DENNY PERKINS, ET AL

**RULINGS ON MOTION FOR JUDGMENT IN DEFAULT**

Before the court is the plaintiff's Motion for Judgment in Default. Record document number 64.

Pro se plaintiff Stephen P. Cook seeks leave to file a motion for a Judgment by Default and/or a default judgment against defendant Dy. Denny Perkins and/or defendant Sheriff Jason Ard in the amount of $1,000,000.[1]

The motion is frivolous, for several reasons. First, insofar as this motion can be considered as a dispositive motion, the deadline for filing dispositive motions expired on July 31, 2013. Second, the plaintiff has not - and cannot - obtain a Rule 55(a), Fed.R.Civ.P., default, which is needed before a default judgment

---

[1] According to the plaintiff's proposed Order Granting Motion for Default Judgment, this is the single claimant limit of the defendants' insurance coverage. Record document number 64-1, p. 18.
  Sheriff Ard is not an original defendant. He became the Livingston Parish Sheriff in July 2012. By operation of Rule 25(d), Fed.R.Civ.P., he was automatically substituted, in his official capacity, as the proper defendant for original defendant Sheriff Willie Graves for the plaintiff's claims against the Livingston Parish Sheriff. Defendants' insurer is not and has never been a party to this case.

can be entered, because defendants Dy. Perkins and original defendant Sheriff Graves filed an answer.[2] Third, even if the plaintiff could obtain a default, he cannot obtain a default judgment, in the circumstances of this case, since his claim is not for a "sum certain or a sum that can be made certain by computation."[3] Rather, even if he could obtain a default judgment, the plaintiff would still have to put on evidence to establish his alleged damages.

Both the liability of defendant Dy. Perkins and the plaintiff's damages are genuinely disputed. Plaintiff must offer admissible evidence at the trial to prove both liability and damages.[4] If the plaintiff fails to introduce admissible evidence to establish every element of his claims, the court may enter a judgment for the defendants, as provided by Rule 50(a), Fed.R.Civ.P.

Accordingly, the plaintiff's Motion for Judgment in Default is denied.

Baton Rouge, Louisiana, January 6, 2014.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

---

[2] Record document number 2.

[3] Rule 55(a)(b)(1).

[4] Record document number 62, Ruling on Motion for Summary Judgment.

2