UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

STEPHEN P. COOK
                                          CIVIL ACTION
VERSUS
                                          NUMBER 12-258-SCR
LIVINGSTON PARISH DEPUTY DENNY
PERKINS, ET AL

### RULING ON MOTIONS IN LIMINE

Before the court are five Motions in Limine filed by the defendants Dy. Denny Perkins, former sheriff Willie Graves and Jason Ard, the current sheriff of Livingston Parish. Record document numbers 34, 35, 36, 37, and 38. The motions are opposed.[1]

After review of the motions and all of the arguments presented by the parties, the Motions in Limine are resolved as follows.

**Motion in Limine to Exclude Any Evidence or Testimony Regarding Plaintiff's Alleged Loss of Income**

Defendants moved to exclude any evidence related to the plaintiff's claim for loss of income. In the Ruling on Motion for Summary Judgment issued on October 21, 2013, summary judgment was granted dismissing the plaintiff's claim for damages for loss of income and loss of future income.[2] Based on this ruling, the defendants' Motion in Limine to Exclude Any Evidence or Testimony

---

[1] Record document numbers 49, 50, 51, 52 and 53.

[2] Record document number 62, Ruling on Motion for Summary Judgment, pp. 20-22.

Regarding Plaintiff's Alleged Loss of Income is granted.

**Motion in Limine to Exclude Any Hearsay Testimony Referencing Statements Made by Dr. Bridget Lohen to Plaintiff or Others**

This motion in limine to exclude hearsay related to statements made by Dr. Lohen, is clearly premised on what the defendants anticipate that certain witnesses may testify to at trial. In these circumstances it is not appropriate to make a pretrial ruling based on speculation that this testimony may be brought up at the trial. Therefore, the defendants' Motion in Limine to Exclude Any Hearsay Testimony Referencing Statements Made by Dr. Bridget Lohen to Plaintiff or Others is denied, without prejudice to the defendants' right to raise their hearsay objections at trial.

**Motion in Limine to Exclude Any Evidence of the Disposition of the Criminal Charges Against Plaintiff**

Defendants moved to exclude any evidence of or reference to the disposition of the criminal charges against the plaintiff.[3] Plaintiff's only remaining claims are for excessive use of force related to the incident in the bedroom with defendant Dy. Perkins. Evidence of the final disposition of the criminal charges brought against the plaintiff must be excluded at trial because it is not relevant to his excessive force claims. Defendants' Motion in Limine to Exclude Any Evidence of the Disposition of the Criminal

---

[3] Plaintiff was charged with possession of marijuana and possession of drug paraphernalia. Neither charge is conceptually related to the use of excessive force.

2

Charges Against Plaintiff is granted.

**Motion in Limine to Exclude Testimony by Horace Cook (Or Other Witnesses Listed by Plaintiff) Regarding Law Enforcement Conduct, Practices, Policies or Procedures**

It is undisputed that Horace Cook, the plaintiff's father, was not present during the events that form the basis of the plaintiff's remaining excessive force claims against Dy. Perkins. It is also undisputed that the plaintiff never designated his father or anyone else as a Rule 702, Fed.R.Civ.P., expert on law enforcement conduct, practices, policies and procedures. Thus, the defendants' Motion in Limine to Exclude Testimony by Horace Cook (Or Other Witnesses Listed by Plaintiff) Regarding Law Enforcement Conduct, Practices, Policies or Procedures has merit and is granted.

**Motion in Limine to Exclude any Evidence of or Reference to Any "Blue Line Code" or Any Sort of Similar Police Code**

In the first Ruling on Motion in Limine to Exclude Certain Evidence at Trial the court granted the aspect of the motion seeking exclusion of the website article pertaining to the Blue Line Code.[4] The exclusion of this document, and the absence from the pretrial order of any witness or admissible evidence on this subject, warrants the exclusion of any reference to a Blue Line

---

[4] Record document number 63, p. 4. Such alleged code would require that other deputies would not offer truthful testimony, i.e. they would lie, if necessary to protect their fellow deputy.

3

Code or similar police code during the trial. Even if the plaintiff referred to such alleged code only in his cross examination of defendant Dy. Perkins or other defense witnesses, there would still be no admissible evidence that such code actually exists and is enforced in the Livingston Parish Sheriff's office. Discussion of any such code in these circumstances would only serve to lengthen the trial by introducing an extraneous issue that could not be proved with admissible evidence. Moreover, just questioning a witness about such a code would unfairly prejudice the defendants because it could suggest to the jury that the code actually exists in the Livingston Parish Sheriff's office. Therefore, the defendants' Motion in Limine to Exclude any Evidence of or Reference to Any "Blue Line Code" or Any Sort of Similar Police Code is granted.

## Conclusion

According, the defendants' Motion in Limine to Exclude Any Evidence or Testimony Regarding Plaintiff's Alleged Loss of Income (record document number 34), is granted; the Motion in Limine to Exclude any Hearsay Testimony Referencing Statements Made by Dr. Bridget Lohen to Plaintiff or Others (record document number 35), is denied; the Motion in Limine to Exclude Any Evidence of the Disposition of the Criminal Charges Against Plaintiff (record document number 36), is granted; the Motion in Limine to Exclude Testimony by Horace Cook or Other Witnesses Listed by Plaintiff

4

Regarding Law Enforcement Conduct, Practices, Policies or Procedures (record document number 37), is granted; and the Motion in Limine to Exclude any Evidence of or Reference to Any "Blue Line Code" or Any Sort of Similar Police Code (record document number 38), is granted.

Baton Rouge, Louisiana, January 6, 2014.

*Stephen C. Riedlinger*
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE