UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


STEPHEN P. COOK

VERSUS

LIVINGSTON PARISH DEPUTY DENNY
PERKINS, ET AL

CIVIL ACTION

NUMBER 12-258-SCR


**RULING ON MOTION IN LIMINE**

Before the court is a Motion in Limine filed by plaintiff Stephen P. Cook. Record document number 39. The motion is opposed.[1]

Plaintiff's Motion in Limine addressed numerous evidentiary matters.[2] After review of the motion and the arguments presented by the parties, the Motion in Limine is resolved as follows.

**Expert Testimony of Dr. Stanley Peters**

Plaintiff objected to the defendants presenting testimony from Dr. Stanley Peters, who conducted a Rule 35, Fed.R.Civ.P., examination of the plaintiff. Plaintiff argued that the defendants have not shown Dr. Peters is certified in the surgical procedure of stapedectomy. Plaintiff also objected to the presentation of Dr. Peters' deposition testimony at trial. Plaintiff argued that he will be prejudiced because neither he nor the jury will be able to

---

[1] Record document number 41.

[2] Plaintiff's motion included six separate "motions in limine," but the plaintiff only filed one motion.

question Dr. Peters to clear up any confusion about technical terms or issues.

Defendants' submissions clearly show that Dr. Peters is a licensed physician with board certification in otolaryngology, and his practice includes this field of medicine. To the extent the plaintiff has questions about Dr. Peters' qualifications and experience with regard to the specific surgical procedure of stapedectomy, he can present these questions and arguments at trial.

Similarly, any questions about the admissibility of Dr. Peters' testimony by deposition at trial cannot be resolved prior to trial. At the time this motion was filed and addressed by the parties, the trial was set for October 21, 2013. According to the defendants, the video trial deposition was necessary because at the time of trial Dr. Peters was scheduled to be out of the country.[3] At the time of the pretrial conference on September 19, the defendants stated their intention to schedule and take the deposition, and the defendants issued a notice of Dr. Peters' trial deposition on September 23, scheduling it for October 15, 2013. On October 9, however, the court consulted with the parties regarding court funding issues, and the parties agreed that the best course

---

[3] Record document number 41, opposition memorandum, p. 3.

was to reschedule the trial for January 13, 2014.[4]

The record does not indicate whether Dr. Peters was deposed took on October 15 (or on some other date), or whether the defendants can establish that Dr. Peters will be unavailable for the current trial date of January 13-15, 2014.[5] Therefore, the plaintiff's motion in limine to exclude the trial testimony of Dr. Peters, in person or by deposition, is denied, without prejudice to the plaintiff's right to make his objections at the trial.

**Evidence, Testimony, and Arguments Related to the Search Warrant for the Blocker Apartment, and Any Evidence Related to the Warrant, Including the Return of the Warrant Listing the Items Seized; Plaintiff's Arrest and Criminal Charges Brought Against Plaintiff**

Plaintiff's remaining "motions in limine" all related to either the search warrant that was being executed at the time of the events giving rise to the plaintiff's claims, or to the plaintiff's later arrest and criminal charges. This motion and the defendants' opposition were filed before the court issued the Ruling on the Motion for Summary Judgment filed by Dy. Perkins.[6] In that ruling the plaintiff's claims under § 1983 and state law for false arrest and imprisonment, and malicious prosecution were

---

[4] Record document number 61.

[5] Rule 32(a)(4), Fed.R.Civ.P., describes the circumstances under which a deposition may be used because the witness is not available to testify at the trial.

[6] Record document number 62.

Case 3:12-cv-00258-SCR   Document 67   01/07/14   Page 3 of 5

dismissed. For this reason, any exhibits, testimony and/or arguments related to the search warrant and its execution, the plaintiff's arrest and the criminal offenses with which he was charged, are not relevant to any of the issues that will be tried next week.[7] As stated in the Ruling on Motion in Limine to Exclude Certain Evidence at Trial,[8] testimony about the existence of the warrant and that it was being executed on the night of the incident may be relevant background information, i.e. to explain why the plaintiff and the deputies were present at the residence. But exhibits, testimony, and/or arguments beyond that are not relevant to whether Dy. Perkins used excessive force against the plaintiff when he took the plaintiff into one of the rooms of the residence.

Plaintiff's Motion in Limine to exclude exhibits, testimony and/or arguments related to (1) the search warrant for the Blocker apartment, and any evidence related to the warrant, including the return of the warrant listing the items seized as a result of the search and (2) the plaintiff's arrest and criminal charges, has merit and is granted.

**Conclusion**

Accordingly, the plaintiff's Motion in Limine to exclude the

---

[7] Defendants' opposition essentially acknowledges this fact, as the arguments made by the defendants explain how the evidence is relevant to the plaintiff's claims for false arrest/imprisonment and malicious prosecution.

[8] Record document number 63, p. 3.

4

trial testimony of Dr. Peters, in person or by deposition, is denied, without prejudice to the plaintiff making his objections at the trial.

Plaintiff's Motion in Limine to exclude exhibits, testimony and/or arguments related to (1) the search warrant for the Blocker apartment, and any evidence related to the warrant, including the return of warrant listing the items seized as a result of the search and (2) the plaintiff's arrest and criminal charges, is granted.

Baton Rouge, Louisiana, January 7, 2014.

*Signature: Stephen C. Riedlinger*

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE